J. Edward McCain III, Esquire
1800 Callowhill Street
Philadelphia, PA  19130
215-557-0151
Attorney I.D. No. 85419

_____

### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Jayne C. Cubbage** | : | CIVIL ACTION NO. _____ |
| 3801 Conshohocken Avenue, #319 | : | |
| Philadelphia, PA 19131 | : | |
| | : | **COMPLAINT** |
| **Plaintiff**, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| **Bloomberg, LP** | : | |
| 400 College Road | : | |
| Princeton, NJ 19107 | : | |
| | : | |
| **Defendant.** | : | |

_____

## PLAINTIFF'S COMPLAINT

Plaintiff, Jayne Cubbage, by her undersigned attorney, hereby brings this civil action seeking a permanent injunction, declaratory judgment, damages and all other relief needed to redress deprivation by the defendants of rights, privileges, and immunities from employment discrimination on the basis of race as secured to the plaintiff by the United States Constitution, federal statutes, and the common law.

a.      In particular, the plaintiff seeks to restrain defendants from intentionally engaging in the unlawful employment practices more fully set out below against the plaintiff on the basis of race that are described in this complaint.

b.      In doing the acts described in this complaint, the defendants and their agents acted under color of law, statute, ordinance, regulations, and custom.

Plaintiff's claim as to herself is based upon personal knowledge.  All other allegations are based upon the investigation of counsel.  Based upon such investigation, plaintiff believes that substantial evidentiary support exists for the allegations set forth herein.

## I.  JURISDICTION/VENUE AND NATURE OF ACTION

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. §1981.

2.      This court has subject matter jurisdiction of the federal claims based on Title VII as asserted in this action under 28 U.S.C. §§ 1331, 1343(a)(4) , 42 U.S.C. §§ 2000e-5 .

3.      This court may exercise supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1376 .

4.      Venue is proper because plaintiff is a citizen of and defendant maintains an office and/or does business within the Eastern District of Pennsylvania.

5.      Plaintiff filed a timely charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC), the Philadelphia Commission on Human Relations, and the Pennsylvania Human Relations Commission.  Plaintiff filed this action within 90 days of her receipt of a Notice of Right to Sue from the EEOC.

6.      Plaintiff is a female citizen of the State of Pennsylvania and of the United States of America.

7.      Defendant is an international corporation organized under the laws of the State of Pennsylvania and is presently authorized to do business, and is/was doing business in the Eastern District of Pennsylvania.

## II. NEED FOR EQUITABLE RELIEF

8.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and this suit for a permanent injunction is the only means of securing adequate relief.

9.     Plaintiff is now suffering, and continues to suffer, irreparable injury from defendant's policy, practice, customs, and usage of discriminating against qualified minorities with respect to employment, solely on the grounds of race.

### III. FACTUAL BACKGROUND

10.     Plaintiff is/was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely African American.

11.     Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e et. seq.

12.     The defendant has discriminated against Jayne Cubbage, who was employed by Bloomburg, LLP (hereafter Bloomburg) from May 2000 to May 2004, on the basis of her race or color, i.e. African American/Black.

13.     On or about May 2000, Plaintiff began working for Bloomburg as a Multimedia Producer.

14.     Throughout her tenure, Plaintiff has always performed her job in a satisfactory manner.

15.     Despite this fact, Plaintiff has been repeatedly and continuously harassed by her employer on the basis of her race.  Throughout that time, plaintiff has been berated repeatedly by her supervisor.  She has been continuously belittled, ridiculed and made to feel inferior in front of her peers.

16.     Such actions on Defendants part contributed to and created a hostile work environment.

17.     On or about August 2003, despite her qualifications and experience, plaintiff was denied a promotion because of her race, i.e. African American.

18.     In addition, plaintiff has been subjected to disparate treatment in terms of assignments and pay.

19.     As a result of such constant harassment, plaintiff took a disability leave of absence in September 2003.

20.     On or about September 2003, Plaintiff was diagnosed with major depression and anxiety disorder, resulting from a hostile work environment.

21.     At present, plaintiff continues to suffer from depression and anxiety, and due to her ongoing disability is unable to return work.

22.     By letter dated May 3, 2004, while still out on disability leave, plaintiff was dismissed from her employer.

23.     Defendant, its agents, servants or employees, by their conduct alleged in this complaint, intentionally, willfully, and without justification deprived the plaintiff of rights, privileges, and immunities secured by the Constitution and the laws of the United States, particularly the right to be free from discrimination.

24.     Plaintiff has suffered damages for lost wages that continue to accrue, loss of commissions, loss of retirement benefits, and any and all compensatory or other damages allowed by law.

## COUNT I

25.     Plaintiff incorporates paragraphs 1 through 24 by reference as fully as though the same were set forth herein at length.

26.     The defendant's actions denied the plaintiff equal terms, conditions, and privileges of employment because of her race and/or color in violation of federal law.  Such violations are likely to continue hereafter unless enjoined.

27.     Plaintiff has been subjected to differing treatment as compared to other employees of Bloomburg.

28.     This discrimination in violation of 42 U.S.C. § 2000e-2(a) occurred, among other ways, by:

        a.      Subjecting plaintiff to disparate treatment in wages, training, evaluations, promotions and discipline.

        b.      Maintaining policies and practices with respect to, but not limited to, wages, job assignments and other terms and conditions of employment that unlawfully operate to deny equal opportunity to minorities including plaintiff,  because of their race.

29.     The effect of these policies and practices has been to deprive Plaintiff, of equal employment opportunities, to create a hostile work environment and otherwise to adversely affect her status as an employee because of her race and/or color.

30.     The defendants also have discriminated against Jayne Cubbage in violation of 42 U.S.C. § 2000e-3(a) by, among other things:

        a.      Subjecting this employee to disparate treatment, including failing to promote her to a position she was qualified for.

        b.      Using Plaintiffs race, i.e. African American, as a motivating factor in Defendant's adverse actions towards plaintiff.

        c.      Failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Plaintiff.

31.     As the direct consequence and result of the discriminatory acts of the defendants, the plaintiff has suffered serious and irreparable financial, mental, and physical injuries, all to the

plaintiff's great damage. In addition, the plaintiff has been demeaned in the eyes of her peers and her career has been permanently hindered.

32.     The plaintiff has suffered damages in excess of the amount of arbitration for lost wages that continue to accrue, loss of commissions, loss of retirement benefits, and any and all compensatory and other damages allowed by law.

Wherefore plaintiff demands judgment against defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

**COUNT II**

33.     Paragraphs 1 through 32 are incorporated herein by reference.

34.     Plaintiff avers that she has been denied her rights under the laws of the Commonwealth of Pennsylvania, to be free of discrimination based on sex or gender under the Pennsylvania Human Relations Act 43 P.S. §§ 951-963, and other state anti-discrimination acts.  This honorable court has pendent jurisdiction over these related state claims.

Wherefore plaintiff demands judgment against defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

**COUNT III**
**Intentional Infliction of Emotional Distress**

35.     Paragraphs 1-34 are incorporated by reference.

36.     Defendants intentional conduct towards plaintiff was extreme and outrageous and such conduct has caused the plaintiff extreme emotional distress, pain and suffering for which she continues to receive medical treatment

Wherefore plaintiff demands judgment against defendant in an amount greater

than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

## DAMAGES

37.     Paragraphs 1-36 are incorporated by reference.

38.     As a result of the said actions of the Defendants, Plaintiff has suffered the following damages:

a.     Plaintiff was denied a promotion to BTV producer resulting in loss of present and future income and benefits;

b.     Plaintiff was discharged resulting in loss of present and future income and fringe benefits and exemplary damages;

c.     Plaintiff has suffered severe mental and emotional distress, agony, pain and suffering, and humiliation, harassment and embarrassment;

d.     Plaintiff has been forced to expend moneys for medical treatment for her mental and emotional distress, pain and suffering and will be required to expend additional sums in the future;

e.     Plaintiff is entitled to costs and counsel fees under the applicable Civil Rights Acts and makes demand for the same and any other damages provided for under the said Acts.

Wherefore plaintiff demands judgment against defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

## PRAYER

Wherefore, for the foregoing reasons, plaintiff, respectfully requests that this court:

1.     Enter judgment against defendant in an amount greater than the limits of arbitration, and award Plaintiff damages for lost wages, loss of fringe benefits, pain and suffering, emotional

distress, and retaliation, and exemplary and any other damages allowed by law including punitive damages for a violation of Title VII.

2.      Order the Defendant to make whole the Plaintiff as she was adversely affected by the policies and practices described above by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other benefits in an amount to be shown at trial.

3.      Grant a permanent injunction restraining the defendants, their agents, employees, servants, and all persons acting in concert with them or on their behalf from continuing to engage in the type of activity complained of in this action.

4.      Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Defendant to file any reports that the Court deems necessary to evaluate compliance.

5.      Award plaintiff attorney's fees.

6.      Award plaintiff costs and disbursements in this action.

7.      Order all other relief that is just and proper.


BY: _____

DATED: 6/22/05                                          J. Edward McCain III, Esquire
                                                       ID# 85419
                                                       1800 Callowhill Street
                                                       Philadelphia, PA  19130
                                                       215-557-0151
                                                       Attorney for Plaintiffs

**VERIFICATION**

I, **J. EDWARD McCAIN III,** ESQUIRE hereby verifies that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  The undersigned understands that the statements therein are subject to the penalties of 5 C.F.R. §§ 1201.71-85 relating to unsworn falsification to authorities.


_____
**J. EDWARD McCAIN III, Esquire**


DATED: 6/22/05