J. Edward McCain III, Esquire
912 North 29th Street
Philadelphia, PA  19130
215-236-1086
Attorney I.D. No. 85419

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Jayne C. Cubbage** | : | CIVIL ACTION NO. 05-CV-2989 |
| 3801 Conshohocken Avenue, #319 | : | |
| Philadelphia, PA 19131 | : | |
| | : | **COMPLAINT** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| **Bloomberg, LP** | : | |
| 400 College Road | : | |
| Princeton, NJ 08540 | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Jayne Cubbage, by her undersigned attorney, hereby brings this civil action seeking a permanent injunction, declaratory judgment, damages and all other relief needed to redress deprivation by the Defendants of rights, privileges, and immunities from employment discrimination on the basis of race as secured to the Plaintiff by the United States Constitution, federal statutes, and the common law.

a.       In particular, the Plaintiff seeks to restrain Defendants from intentionally engaging in the unlawful employment practices more fully set out below against the Plaintiff on the basis of race that are described in this complaint.

b.       In doing the acts described in this complaint, the Defendants and their agents acted under color of law, statute, ordinance, regulations, and custom.

1

Plaintiff's claim as to herself is based upon personal knowledge. All other allegations are based upon the investigation of counsel. Based upon such investigation, Plaintiff believes that substantial evidentiary support exists for the allegations set forth herein.

## I. JURISDICTION/VENUE AND NATURE OF ACTION

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. §1981, and the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. 12101 et seq.

2.      This court has subject matter jurisdiction of the federal claims based on Title VII as asserted in this action under 28 U.S.C. §§ 1331, 1343(a)(4) , 42 U.S.C. §§ 2000e-5 .

3.      This court may exercise supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1376 .

4.      Venue is proper because Plaintiff is a citizen of and Defendant maintains an office and/or does business within the Eastern District of Pennsylvania. In addition, the alleged unlawful employment practice was committed in this district.

5.      Plaintiff filed a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC), and the New Jersey Division of Civil Rights. Plaintiff filed this action within 90 days of her receipt of a Notice of Right to Sue from the EEOC.

6.      Plaintiff is a female citizen of the State of Pennsylvania and of the United States of America.

7.      Defendant is an international corporation organized under the laws of the States of Pennsylvania and New Jersey and is presently authorized to do business, and is/was doing business within the Eastern District of Pennsylvania.

## II. NEED FOR EQUITABLE RELIEF

8.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and this suit for a permanent injunction is the only means of securing adequate relief.

9.     Plaintiff is now suffering, and continues to suffer, irreparable injury from Defendant's policy, practice, customs, and usage of discriminating against qualified minorities with respect to employment, solely on the grounds of race.

## III. FACTUAL BACKGROUND

10.     Plaintiff is/was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely African American and female.

11.     Plaintiff is/was disabled at the time of the alleged unlawful employment practice as defined by the Americans with Disabilities Act (ADA).  Plaintiff suffered and continues to suffer from severe anxiety disorder and major depression.

12.     Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e et. seq. and the ADA and the NJLAD.

13.     The Defendant has discriminated against Jayne Cubbage, who was employed by Bloomberg, LLP (hereafter Bloomberg) from May 2000 to May 2004, on the basis of her race or color, i.e. African American/Black and sex, i.e. female.

14.     The Defendant has intentionally discriminated against Plaintiff because of her disability in violation of the ADA.

15.     Alternatively, Plaintiff's race, sex and/or disability were motivating factors in Defendant's unlawful employment practices, including but not limited to its decision to terminate her employment.

16.     On or about May 2000, Plaintiff began working for Bloomberg as a Multimedia Producer.

3

17.    At the time she began working for Defendant, Plaintiff had a Masters Degree in Journalism from Columbia University.  In 2001, Plaintiff received a second Masters Degree from the University of Pennsylvania.

18.    Throughout her tenure, Plaintiff always performed her job in a satisfactory manner.

19.    Despite these facts, Plaintiff was repeatedly and continuously harassed by her employer on the basis of her race, sex and/or disability.  Throughout that time, Plaintiff has been berated repeatedly by her supervisors, Caroline Fedor and Jennifer Kushinka.  She has been continuously belittled, ridiculed and made to feel inferior in front of her peers.

20.    Defendant has made numerous disparaging and derogatory remarks regarding Plaintiff to her and others in the workplace.  Such remarks were completely untrue and served to demean and degrade Plaintiff in the eyes of her peers.

21.    For example, in a meeting with Ms. Fedor and Ms. Kushinka, Ms. Cubbage was told she was incompetent, that her attitude "sucked" and that she was incapable of doing anything right.

22.    In department meetings that Plaintiff was not allowed to attend, she was nonetheless called incompetent, accused of deliberately "screwing things up" and of holding the department down because she was the "weakest link."

23.    As a result of these slanderous remarks, Plaintiff's co-workers treated her with utter disdain and refused to interact with her.

24.    Such actions on Defendant's part contributed to and created a hostile work environment.

25.    On or about August 2003, despite her qualifications and experience, Plaintiff was denied a promotion because of her race, i.e. African American, sex and/or disability.

26.    Plaintiff had applied for the position of Segment Producer, and was told by the department head, Cynthia Costas, that she had the position and that they were just waiting for

desk space to clear.  However, after speaking with Caroline Fedor, Ms. Costas revoked the offer with the excuse that they were looking for someone more "qualified" for the position, despite Plaintiff's dual Masters Degrees and the fact she had previously done the exact type of work the position called for.

27.     In addition, Plaintiff has been subjected to disparate treatment in terms of assignments and pay.

28.     First, Plaintiff was consistently given poor evaluations by her supervisor with no basis for doing so and as a result never received a single raise (not even for cost of living) throughout the entire time she was employed by Defendant.

29.     In addition, Defendant, by and through Plaintiff's supervisors, isolated her from other departments and managers in the television division by refusing to allow her to travel to New York on assignment, when other editors were free to do so with or without permission.  Ms. Cubbage was told she could not go unless given specific permission, which was readily denied.

30.     So assiduous was the contempt for Plaintiff by Defendant that she was forbade from attending the National Association of Black Journalists (NABJ) Conference, despite her willingness to use personal time and at her own expense.  Conversely, other employees were allowed to attend at the company's time and expense.  When Ms. Cubbage requested to attend, she was abruptly told by management "no you will not be permitted to go" under any circumstance.

31.     When Ms. Cubbage complained regarding such disparate treatment in her multi-media assignments, she was summarily demoted to such menial tasks as transcript editing, a task usually handled by an administrative assistant and not someone of her experience.  So

humiliating were these assignments that Plaintiff was often required to sit and do nothing for most of the day.

32.     During her evaluation in June 2003, Plaintiff was told by her supervisor that she would never be allowed to transfer to another department.  As a result, she suffered a panic attack on the drive home.

33.     Such overt and invidious discrimination would have easily detrimentally affected any reasonable person in the same class and position as Ms. Cubbage.

34.     Finally, after suffering through Defendant's consistent and/or pervasive onslaught of verbal abuse, harassment and otherwise obnoxious and outrageous behavior, Plaintiff was diagnosed with major depression and anxiety disorder in September 2003.  At present, Plaintiff continues to suffer from depression and anxiety, resulting from a hostile work environment and Defendant's extreme and outrageous behavior.

35.     As a result of such constant tortuous behavior, Plaintiff was forced to take disability leave of absence in September 2003.

36.     Yet the harassment continued while Plaintiff was out on disability leave. [1]

37.     Throughout her leave Plaintiff was made to repeatedly re-file her disability claim forms for alleged errors, although once accepted, the forms would contain the identical information previously provided by her doctor.  This was simply another form of harassment by Defendant.

38.     On or about March, 2004, after her six months of short term disability had expired, Plaintiff was contacted by Gina Gibson from Defendant's Human Resource Department, to inquire when she was expected to return to work.

---

[1] Defendant was also aware that Plaintiff had recently lost her father to a tragic accident, yet rather than be sympathetic chose to continue to harass.

39.    At that time, Plaintiff informed Defendant that she would be returning once she was cleared by her doctor, who had not yet released her. Around that same time, Plaintiff had provided Defendant with a note from her doctor that indicated she would be returning to work sometime in May 2004, and that she would be reevaluated at that time.

40.    Defendant however, demanded an immediate response from Plaintiff as to when she would be returning to work. Plaintiff, still suffering from severe emotional distress, instead referred Defendant to her doctor for an answer.

41.    Rather than contact her doctor, or rely on the note he had provided, Defendant chose to intentionally harass Ms. Cubbage by calling her home approximately thirty (30) times over the next two weeks, demanding an answer.

42.    Then, when Plaintiff did not respond to the harassment, Defendant stooped so low as to contact Plaintiff's grandmother to inquire of her whereabouts and when she would be okay to return to work.

43.    Needless to say, such ridiculously outrageous intentional conduct caused Plaintiff even greater emotional distress and her condition to worsen.

44.    As a result of this persecution and ultimatum, Plaintiff suffered a relapse and was therefore unable to request a reasonable accommodation in the form of additional sick leave time to obtain an effective medical dosage from her doctor to allow her to return to work.

45.    By letter dated May 3, 2004, knowing that Plaintiff was still on disability leave for a condition it had caused, Defendant unceremoniously dismissed Plaintiff from her employment. Due to her condition, Plaintiff was placed on long term disability by the employer's carrier after her termination.

46.     Even after Ms. Cubbage was terminated, Defendant continued to humiliate and embarrass her by falsely accusing her of voluntary quitting in an effort to deny her unemployment.  In addition, Defendant continued to disparage her name at work.

47.     Defendant, its agents, servants or employees, by their conduct alleged in this complaint, intentionally, willfully, and without justification deprived the Plaintiff of rights, privileges, and immunities secured by the Constitution and the laws of the United States, and laws of the State of New Jersey, particularly the right to be free from discrimination.

48.     As a result, Plaintiff has been permanently damaged and has suffered damages for lost wages that continue to accrue, loss of commissions, loss of retirement benefits, and any and all compensatory or other damages allowed by law.

## COUNT I

49.     Plaintiff incorporates paragraphs 1 through 48 by reference as fully as though the same were set forth herein at length.

50.     The Defendant's actions denied the Plaintiff equal terms, conditions, and privileges of employment because of her race, i.e. Black, sex, i.e. female and/or her disability in violation of federal law.  Such violations are likely to continue hereafter unless enjoined.

51.     Plaintiff's race, sex and/or disability were unlawfully used by Defendant as a motivating factor in its discriminatory conduct by Defendant including but not limited to its decision to terminate Plaintiff's employment.

52.     Plaintiff has been subjected to differing treatment as compared to other employees of Bloomberg.

53.     This discrimination in violation of 42 U.S.C. § 2000e-2(a) and the ADA occurred, among other ways, by:

8

a.　　　　Subjecting Plaintiff to disparate treatment in wages, training, evaluations, promotions and discipline.

b.　　　　Maintaining policies and practices with respect to, but not limited to, wages, job assignments and other terms and conditions of employment that unlawfully operate to deny equal opportunity to minorities or persons with disabilities including Plaintiff, because of their race and/or disability.

54.　　　The effect of these policies and practices has been to deprive Plaintiff of equal employment opportunities, to create a hostile work environment and otherwise to adversely affect her status as an employee because of her race, sex and/or disability.

55.　　　The Defendants also have discriminated against Jayne Cubbage in violation of 42 U.S.C. § 2000e-3(a) and the ADA by, among other things:

a.　　　　Subjecting this employee to disparate treatment, including failing to promote her to a position she was qualified for.

b.　　　　Using Plaintiffs race, i.e. African American and/or disability as a motivating factor in Defendant's adverse actions towards Plaintiff.

c.　　　　Failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Plaintiff.

56.　　　As the direct consequence and result of the discriminatory acts of the Defendant, the Plaintiff has suffered serious and irreparable financial, mental, and physical injuries, all to the Plaintiff's great damage. In addition, the Plaintiff has been demeaned in the eyes of her peers and her career has been permanently hindered.

57.     The Plaintiff has suffered damages in excess of the amount of arbitration for lost wages that continue to accrue, loss of commissions, loss of retirement benefits, and any and all compensatory and other damages allowed by law.

Wherefore Plaintiff demands judgment against Defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

**COUNT II**

58.     Paragraphs 1 through 57 are incorporated herein by reference.

59.     Plaintiff avers that she has been denied her rights under the laws of the state of New Jersey, to be free of discrimination based on race and sex. New Jersey Law Against Discrimination, N.J. Stat.Ann. §§ 10:5-1 at seq. (NLJAD), and Article I, Paragraph I of the New Jersey Constitution and other state anti-discrimination acts.  This honorable court has pendent jurisdiction over these related state claims.

Wherefore Plaintiff demands judgment against Defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

**COUNT III**
**Intentional Infliction of Emotional Distress**

60.     Paragraphs 1 through 59 are incorporated by reference.

61.     Defendant's intentional conduct towards Plaintiff was extreme and outrageous and such conduct has caused the Plaintiff severe emotional distress, pain and suffering for which she continues to receive medical treatment.

62.     Such conduct, as described above, is atrocious and utterly intolerable in a civilized community or in the workplace and has caused Plaintiff to suffer major depression and severe

1

anxiety disorder.

Wherefore Plaintiff demands judgment against Defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

## DAMAGES

63.     Paragraphs 1 through 62 are incorporated by reference.

64.     As a result of the said actions of Defendant, Plaintiff has suffered the following damages:

a.      Plaintiff was denied a promotion to BTV producer resulting in loss of present and future income and benefits;

b.      Plaintiff was discharged resulting in loss of present and future income and fringe benefits and exemplary damages;

c.      Plaintiff has suffered severe mental and emotional distress, agony, pain and suffering, and humiliation, harassment and embarrassment;

d.      Plaintiff has been forced to expend moneys for medical treatment for her mental and emotional distress, pain and suffering and will be required to expend additional sums in the future;

e.      Plaintiff is entitled to costs and counsel fees under the applicable Civil Rights Acts and makes demand for the same and any other damages provided for under the said Acts.

Wherefore Plaintiff demands judgment against Defendant in an amount greater than the limits of arbitration, plus interest and costs and such other damages and remedies as may be provided by law.

1

## PRAYER

Wherefore, for the foregoing reasons, Plaintiff, respectfully requests that this court:

1.      Enter judgment against Defendant in an amount greater than the limits of arbitration, and award Plaintiff damages for lost wages, loss of fringe benefits, pain and suffering, emotional distress, and retaliation, and exemplary and any other damages allowed by law including punitive damages for a violation of Title VII and the ADA.

2.      Order the Defendant to make whole the Plaintiff as she was adversely affected by the policies and practices described above by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other benefits in an amount to be shown at trial.

3.      Grant a permanent injunction restraining Defendant, their agents, employees, servants, and all persons acting in concert with them or on their behalf from continuing to engage in the type of activity complained of in this action.

4.      Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Defendant to file any reports that the Court deems necessary to evaluate compliance.

5.      Award Plaintiff attorney's fees.

6.      Award Plaintiff costs and disbursements in this action.

7.      Order all other relief that is just and proper.


DATED: 05/02/08

JEM2003
J. Edward McCain III, Esquire
ID# 85419
912 North 29th Street
Philadelphia, PA  19130
215-236-1086
Attorney for Plaintiff

## VERIFICATION

I, **J. EDWARD McCAIN III,** ESQUIRE hereby verifies that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  The undersigned understands that the statements therein are subject to the penalties of 5 C.F.R. §§ 1201.71-85 relating to unsworn falsification to authorities.


JEM2003
**J. EDWARD McCAIN III, Esquire**


DATED: _____

1

## PROOF OF SERVICE

I, J. Edward McCain III, hereby certify that on this 28th day of November, 2007, I caused a true and correct copy of the foregoing pleading to be served electronically and by United States first class mail, postage prepaid, upon the following:

Theodore Jobes, Esquire
Fox Rothschild
2000 Market Street, 10th Floor
Philadelphia, PA 19103-3291

Thomas H. Golden, Esquire
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019-6099

Dated:_____

JEM2003
J. Edward McCain III
THE LAW OFFICES OF J. EDWARD MCCAIN III
912 North 29th Street
Philadelphia, PA 19130

Attorney for Plaintiff

1